UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GARY UNDERWOOD,                              Case No. 1:12-cv-859

    Plaintiff,                               Barrett, J.
                                             Bowman, M.J.

    vs.


CAROLYN W. COLVIN, acting
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff Gary Underwood filed this Social Security appeal in order to challenge the Defendant's determination that he is not disabled. See 42 U.S.C. § 405(g).  Proceeding through counsel, Plaintiff presents four claims of error, all of which the Defendant disputes. As explained below, I conclude that the ALJ's finding of non-disability should be AFFIRMED because it is supported by substantial evidence in the administrative record.

### I. Summary of Administrative Record

Plaintiff filed an application for Disability Insurance Benefits ("DIB") benefits in November 2005, alleging a disability onset date of August 27, 2005 due to physical and mental impairments.   After Plaintiff's application was denied initially and upon reconsideration, he requested a hearing *de novo* before an Administrative Law Judge ("ALJ").   An evidentiary hearing was held in December 2008, at which Plaintiff was represented by counsel.   On December 29, 2008, ALJ Deborah Smith issued an unfavorable decision.  (Tr. 107-115).  Plaintiff them filed a request for review with the Appeals Council on January 22, 2009.  The Appeals Council issued an order remanding

the case back to the ALJ for additional proceedings.

In the remand order, the ALJ was instructed to: 1) clarify as to the actual dates when the Plaintiff was employed by CBS Personnel Systems and Ashley Ward Inc. and whether either job was performed at the substantial gainful level, and therefore, past relevant work; 2) further evaluate the Plaintiff's subjective complaints and provide rationale in accordance with the disability regulations pertaining to the evaluation of his symptoms; and 3) if warranted by the expanded record, obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the Plaintiff's occupational base, presenting hypothetical questions reflecting the specific capacity/limitations established by the record as a whole. (Tr.116-120). A remand hearing was held before ALJ Smith on April 12, 2011, at which the Plaintiff and vocational expert George Parsons appeared and testified. (Tr. 562-616). Thereafter, on April 27, 2011, ALJ Smith denied Plaintiff's application in a written decision.

The record reflects that Plaintiff was 57 years old at the time of the remand hearing with a ninth grade education. He has past relevant work as a truck driver, machine operator, and street sweeper. Plaintiff alleges disability due to diabetes, low back pain, depression and anxiety. At the first hearing held on December 08, 2008, Plaintiff testified his diabetes caused numbness and tingling in his hands and feet. (Tr. 628). Plaintiff also testified to problems with grabbing and gripping and problems using his legs (i.e. operating a clutch for shifting gears). (Tr. 634). He further testified to problems grabbing the steering wheel when driving. (Tr. 635). He testified that he was limited to driving 1- 1 ½ hours before needing to rest for another 30 minutes. *Id.*

At the remand hearing held on April 12, 2011, Plaintiff testified that, since the first

2

hearing, he had commenced treatment with the VA Hospital. (Tr. 567). He noted that his insulin had been increased and that he his diagnosis of Type I diabetes had been changed to Type II diabetes. *Id.* Plaintiff testified that the numbness in his hands and feet had continued to worsen. (Tr. 570). He was also prescribed a cane which he started using in March of 2011. (Tr. 572).

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff has the following severe impairment: "diabetes." (Tr. 26). The ALJ determined that none of Plaintiff's impairments alone, or in combination, met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. *Id.* Rather, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform the full range of medium work. (Tr. 20).

Based upon the record as a whole, including testimony from the vocational expert, and given Plaintiff's age, education, work experience, and RFC, the ALJ concluded that Plaintiff is able to perform his past relevant work as a truck driver, grinding machine tender and street sweeper. Accordingly, the ALJ determined that Plaintiff was not under disability, as defined in the Social Security Regulations, and not entitled to DIB.

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff argues that the ALJ erred by: (1) determining that Plaintiff could perform medium work; (2) finding that Plaintiff's subjective complaints were not credible; (3) determining that Plaintiff's anxiety and depression were not severe impairments; and (4) inaccurately portraying Plaintiff's actual limitations in her hypothetical questions to the vocational expert. Upon close inspection, the undersigned finds that Plaintiff's assignments are not well-taken.

3

**II. Analysis**

**A. Judicial Standard of Review**

To be eligible for SSI or DIB a claimant must be under a "disability" within the definition of the Social Security Act. *See* 42 U.S.C. §§423(a), (d), 1382c(a). The definition of the term "disability" is essentially the same for both DIB and SSI. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen*, 476 U.S. at 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion . . . . The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the

4

courts.  If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.*  (citations omitted).

In considering an application for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy.  *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that he or she is entitled to disability benefits.  20 C.F.R. § 404.1512(a).  Thus, a plaintiff seeking benefits must present sufficient evidence to show that, during the relevant time period, he or she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left him or her unable to perform any job in the national economy.  42 U.S.C. § 423(d)(1)(A).

5

**B. The ALJ's Decision is Substantially Supported and should be Affirmed**

*1. ALJ's RFC Evaluation*

Plaintiff's first assignment of error asserts that the ALJ erred in finding that he was capable of performing medium work. Specifically, Plaintiff contends, *inter alia*, that the ALJ's RFC finding is not supported by the opinion evidence, including the findings of consultative examiner Dr. Glaser, Dr. Petkov's treating physician notes, and/or other expert testimony. Plaintiff further asserts that the ALJ failed to provide any basis for the how she arrived at an RFC for medium work. Plaintiff's contentions lack merit.

The regulations provide that the final responsibility for determining a Plaintiff's RFC is reserved to the Commissioner and that "the RFC assessment must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical evidence and other evidence." 20 C.F.R. § 404.1527. Here, the ALJ determined that Plaintiff retained the residual functional capacity to perform the full medium work. In making this finding, the ALJ determined that the evidence of record including Plaintiff's treatment notes, opinion evidence, diagnostic tests and Plaintiff's testimony do not support Plaintiff's allegations of disability. This determination is substantially support by the record.

Notably, the record contains the following relevant evidence:

In February 2006, Plaintiff underwent a consultative evaluation by Dr. Loaraine Glaser. Dr. Glaser noted Plaintiff's conditions of diabetes, sinus tachycardia and exogenous obesity. She noted that Plaintiff's health was "otherwise good, and his examination was essentially normal." (Tr. 92). She opined that Plaintiff "appears capable of performing activities commensurate with his age and intellect." *Id*.

In August 2006, Dr. Petkov, Plaintiff's treating physician, completed a functional capacity assessment. (Tr. 105). Dr. Petkov opined that Plaintiff would have limitations sitting and standing in an 8-hour workday. (Tr. 105). She noted that Plaintiff was moderately limited in his ability to push, pull, bend, and reach, and not significantly limited in his ability to handle, see and perform repetitive foot movements. (Tr. 105). Dr. Petkov did not offer an opinion on Plaintiff's ability to lift and/or carry, or state how long Plaintiff's limitations were expected to last. (Tr. 105).

Plaintiff commenced treatment with the VA Hospital in January of 2010. Progress notes evidence edema in his feet, tingling. (Tr. 358, 427, 534). In June of 2010, Plaintiff was diagnosed with generalized anxiety disorder with current symptoms of excessive anxiety, restlessness, difficulty concentrating, irritably, muscle tension, and sleep disturbance. (Tr. 366).

In July 2010, Dr. Kylop reviewed the record for the Agency after the ALJ's initial decision. Dr. Kylop found Plaintiff capable of performing a range of medium work. Notably, due to his uncontrolled blood pressure, he further opined that Plaintiff should not climb ladders, ropes or scaffolds, have no exposure to environmental hazards and should avoid heights. (Tr. 548-49).

In March of 2011, Plaintiff presented to the VA with trouble with his gait, left leg weakness, sensory changes, and numbness in his arm and leg due a possible stroke. (Tr. 498). A stroke was confirmed by MRI and CT of the brain. (Tr. 449, 454). Plaintiff subsequently underwent physical rehabilitation. (Tr. 495). Physical rehab notes indicate decreased fine motor control. (Tr. 497).

In arriving at Plaintiff's RFC, the ALJ assigned little weight to Dr. Petkov's medical

7

opinion because it was based primarily on Plaintiff's subjective complaints about a back impairment that was not objectively documented anywhere in the record. (Tr. 23). This determination was made in accordance with Agency regulations and controlling law. *See Sims v. Comm'r of Soc. Sec.*, No. 09-5773, 2011 WL 180789, at *3 (6th Cir. Jan. 19, 2011) ("The ALJ correctly noted that Dr. Spencer's conclusory opinion about plaintiff's ability to work was based largely on plaintiff's subjective complaints and was not supported by other medical evidence in the record."); *Combs v. Comm'r of Soc. Sec.*,459 F.3d 640, 652 (6th Cir. 2006) (en banc) ("As we held in *Bogle v. Sullivan*, 998 F.2d 342, 347-48 (6th Cir. 1993), a social security ALJ may properly discount a treating physician's opinion of disability: '[t]his court has consistently stated that the Secretary is not bound by the treating physician's opinions, and that such opinions receive great weight only if they are supported by sufficient clinical findings and are consistent with the evidence.'").

The ALJ also considered the records from the VA Medical Center from January 2010 to October 2010. The ALJ noted that the updated records did not include any imaging studies or clinical findings to establish a severe back impairment. The ALJ further considered the treatment records related to Plaintiff's 2011 stroke, which he found did not show any indication that Plaintiff would not make a full recovery. The ALJ noted that there were no reports of any diabetes-related hospitalizations or emergency room interventions. (Tr. 21). In fact, the record shows that Plaintiff was prescribed Neurontin to relieve his alleged neuropathic pain (Tr. 101), but it is unclear whether Plaintiff refilled the prescription or took the medication. (Tr. 97-100). Plaintiff's EMG and nerve condition study was normal suggesting no evidence of peripheral neuropathy. (Tr. 351-52). In light of the foregoing, the undersigned finds that the ALJ properly determined that Plaintiff was capable of performing

8

medium work.

Plaintiff asserts that the erred ALJ in not relying on a specific medical opinion. However, relevant agency regulations and Sixth Circuit precedent provide that the ALJ is charged with the final responsibility in determining a claimant's RFC. See e.g., 20 C.F.R. §§ 404.1527(e)(2), 416.927(e)(2) (explaining that the final responsibility for deciding the RFC "is reserved to the Commissioner."). The regulations further state that ALJs are "responsible for reviewing the evidence and making findings of fact and conclusions of law." 20 C.F.R. §404.1527(f)(2), 416.927(f)(2). ALJs are not bound by any medical opinion on an issue reserved to the Commissioner (*i.e.*, a claimant's RFC finding). 20 C.F.R. §404.1527(d)(2)-(e), 416.927(d)(2)-(e). Moreover, the Sixth Circuit has repeatedly upheld ALJ decisions where the ALJ rejected medical opinion testimony and determined RFC based on objective medical evidence and non-medical evidence. *See Ford v. Comm'r of Soc. Sec.*, 114 F.App'x 194 (6th Cir. 2004); *Poe v. Comm'r of Soc. Sec.*, 2009 WL 2514058, at *7 (6th Cir. Aug.18, 2009).

In light of the foregoing, the undesigned finds that the ALJ's RFC finding is substantially supported.

### 2. ALJ's Credibility Assessment

Plaintiff's second assignment of error asserts that the ALJ's credibility determination is not supported by substantial evidence. Specifically, Plaintiff asserts that the ALJ erred in finding that his subjective complaints were not supported by any medical evidence. Plaintiff assertions lack merit.

It is the province of the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant. *Rogers v. Commissioner of Social Sec.*, 486

9

F.3d 234, 247 (6th Cir. 2007) (citations omitted).  In light of the Commissioner's opportunity to observe the individual's demeanor, the Commissioner's credibility finding is entitled to deference and should not be discarded lightly.  *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir.2001). "If an ALJ rejects a claimant's testimony as incredible, he must clearly state his reasons for doing so." *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir.1994). The ALJ's articulation of reasons for crediting or rejecting a claimant's testimony must be explicit and "is absolutely essential for meaningful appellate review." *Hurst v. Sec. of HHS*, 753 F.2d 517, 519 (6th Cir.1985). In this regard, Social Security Ruling 96–7p explains:

> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

SSR 96–7p.

In addition, the ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight."  *Id.*  The ALJ's credibility decision must also include consideration of the following factors: 1) the individual's daily activities; 2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken

10

to alleviate pain or other symptoms; 5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; 6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.  *See* 20 C.F.R. §§ 404.1529(c) and 416.929(c); SSR 96–7p.

While an ALJ may properly consider a Plaintiff's inconsistent statements and other inconsistencies in the record, the ALJ must also consider other factors listed in SSR 96–7p, and may not selectively reference a portion of the record which casts Plaintiff in a capable light to the exclusion of those portions of the record which do not.  *See Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 240–41 (6th Cir.2002).  Further, a credibility determination cannot be disturbed "absent a compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir.2001).  Thus, it is proper for an ALJ to discount the claimant's testimony where there are contradictions among the medical records, his testimony, and other evidence.  *Warner v. Comm'r of Soc. Sec.*, 375 F.3d at 392.

Here, the ALJ determined that Plaintiff's testimony and complaints of disabling pain were not fully credible in light of the objective evidence, Plaintiff's sporadic treatment history and his inconsistent statements throughout the record.  Notably, Plaintiff concedes that "the medical evidence in this claim is . . .lacking."  Plaintiff argues, however, that the ALJ should have found him credible because "Dr. Petkov's records, though sparse, are at least consistent in proving that Plaintiff continued to complain of pain and numbness in his feet and hands." (Doc. 9 at 8).  Despite this assertion, the ALJ's decision indicates that the  ALJ acknowledged that Plaintiff complained of pain and numbness. (Tr. 20).  However, the ALJ

11

found that such complaints were not supported by the objective medical evidence. (Tr. 21). Notably, the ALJ found that the record did not contain any medical signs and/or laboratory findings showing that Plaintiff suffered from diabetic neuropathy. (Tr. 21). Namely, despite Plaintiff's complaints of numbness in his hands and feet, EMG and nerve conduction studies were normal. (Tr. 351-52).

The ALJ also noted that Plaintiff was non-compliant with numerous treatment recommendations. (Tr. 22). Specifically, Plaintiff was advised to follow a healthy diet and exercise (Tr. 353, 356), however, Plaintiff admitted that he was drinking regular soda, not calibrating his meter to do appropriate readings, and not exercising (Tr. 310, 312, 361). Although Plaintiff's doctors recommended that he see a dietician, Plaintiff said that he was not interested. (Tr. 319, 321). Additionally, despite Plaintiff's complaints of disabling pain, the ALJ noted that he did not have a regular prescription for neuropathic pain. (Tr. 23). The record indicates that Plaintiff was prescribed medication, on one occasion, for neuropathy in November 2005. (Tr. 23).

In light of the foregoing, the undersigned finds that the ALJ's credibility determination properly evaluated the factors outlined in 20 C.F.R. §§ 404.1529(c) and 416.929(c); SSR 96–7p and her decision is substantially supported in this regard. Plaintiff's second assignment of error should therefore be overruled.

3.  *ALJ's Evaluation of Plaintiff's Anxiety, Depression and Back Pain*.

Plaintiff's next assignment of error asserts that the ALJ erred by failing to find that Plaintiff's anxiety, depression and back pain were "severe" impairments. A severe impairment or combination of impairments is one which significantly limits the physical or mental ability to perform basic work activities. 20 C.F.R. § 404.1520(c). Basic work activities

12

relate to the abilities and aptitudes necessary to perform most jobs, such as the ability to perform physical functions, the capacity for seeing and hearing, and the ability to use judgment, respond to supervisors, and deal with changes in the work setting. 20 C.F.R. § 404.1521(b). Plaintiff is not required to establish total disability at this level of the sequential evaluation. Rather, the severe impairment requirement is a threshold element which plaintiff must prove in order to establish disability within the meaning of the Act. *Gist v. Secretary of H.H.S.*, 736 F.2d 352, 357 (6th Cir.1984).

An impairment will be considered nonsevere only if it is a "slight abnormality which has such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, and work experience." *Farris v. Secretary of H.H .S.*, 773 F.2d 85, 90 (6th Cir.1985) (citing *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir.1984)). The severity requirement is a "*de minimus* hurdle" in the sequential evaluation process. *Higgs v. Bowen,* 880 F.2d 860, 862 (6th Cir.1988). *See also Rogers v. Commissioner*, 486 F.3d 234, 243 n. 2 (6th Cir. 2007).

Here, at step-two of the sequential evaluation, the ALJ found Plaintiff's diabetes was a severe impairment. In the prior decision, the ALJ determined that Plaintiff's back impairment was not a medically determinable impairment because there was no mention of a back impairment, other than in Dr. Petrov's August 2006 assessment. (Tr. 112-13). In the current decision, the ALJ noted that the updated records relating to Plaintiff's alleged back impairment did not include any imaging studies or clinical findings to alter his findings in his prior decision. (Tr. 19). *See Shibler v. Sec'y of Health & Human Servs.*, 1991 WL 89911, *1 (6th Cir. May 29, 1991) ("The ALJ properly discounted [the claimant's] complaints of pain because subjective complaints of pain in the absence of objective medical evidence

is not a sufficient basis to establish disability.") (citing *Duncan* and *McCormick*).  Notably, when the record does not contain any reports, doctor statement's or other information regarding a plaintiff's physical limitations or the intensity, frequency, and duration of pain associated with a condition, the Sixth Circuit has regularly found substantial evidence to support a finding of no severe impairment. *See Long v. Apfel*, 1 F. App'x 326, 331 (6th Cir. 2001) (citing Higgs, 880 F.2d at 860; *Maloney v. Apfel*, No. 99–3081, 2000 WL 420700 (6th Cir. Apr.14, 2000); *Foster v. Sec'y of Health & Human Servs.*, No. 88–1644, 1990 WL 41835 (6th Cir. Apr.11, 1990)).

Plaintiff does not dispute the lack of medical evidence related to his back, but argues instead that in December 2010, he stated that he had cut back on exercise due to back pain. (Tr. 535).  Such assertion, however, fails to establish that Plaintiff's back pain would significantly limits his physical ability to perform basic work activities.  *See* 20 C.F.R. § 404.1520(c).  Accordingly, the ALJ's determination that Plaintiff's back pain was not "severe" is substantially supported by the record.

With respect to Plaintiff's mental impairments, the ALJ noted that Plaintiff was diagnosed with a depressive and anxiety disorder in 2010 and  Dr. Kepner, Plaintiff's psychiatrist, prescribed an anti-depressant medication. (Tr. 19).  The ALJ also noted, however, that Plaintiff stopped taking  the medication a few months later, despite reporting that it was effective.  (Tr. 19).  The ALJ also pointed out that there was no evidence of ongoing mental problems that would satisfy the durational requirement.  (Tr. 20).  *See* 20 C.F.R. §§ 404.1509, 416.909 (explaining that an impairment must last for a continuous period of not less than 12 months).  Thus, the ALJ determined that any mental impairments Plaintiff may have had would not cause more than a mild limitation in any of the functional

14

areas.  (Tr. 20).

Plaintiff argues, however, that the ALJ's assessment of his mental impairments is not substantially supported because she failed to credit the opinion of the state agency psychologist who found that he had moderate mental limitations.  (Doc. 9 at 10).  Upon review, the ALJ determined that the state agency psychologist's opinion was not entitled to any weight because it was inconsistent with Plaintiff's treatment regime.  (Tr. 20). Prior to seeing Dr. Kepner, Plaintiff had no history of inpatient or outpatient psychiatric care and he had never been on psychotropic medication.  (Tr. 20, citing Tr. 399).  The ALJ's finding in this regard was made in accordance with agency regulations and controlling law.  See 20 C.F.R. § 404.1527(d)(3) (More weight is given to those medical opinions that are "more consistent . . . with the record as a whole.").  *See also Meece v. Barnhart*, 192 Fed. Appx. 456, 461 (6th Cir. 2006) (citing 20 C.F.R. §§ 404.1527(d)(2)-(d)(6)).

More importantly, even if the ALJ erred in not finding Plaintiff's back pain, anxiety and/or depression to be a "severe" limitations , such error was harmless. This is because the regulations require that if one "severe" impairment exists, all impairments—severe or otherwise—must be considered in the remaining steps of the sequential analysis. 20 C.F.R. §§ 404.1523, 416.923, 404.1545(e). Thus, where an ALJ errs in finding a particular impairment "non-severe" in step two of the analysis, the error is harmless if the ALJ finds at least one severe impairment and continues to address each impairment in determining the claimant's RFC. *Meadows v. Comm'r of Soc. Sec.*, No. 1:07cv1010, 2008 WL 4911243, at *13 (S.D.Ohio 2008) (citing *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir.1987)). Here, the ALJ's decision indicates that she properly considered and addressed all of Plaintiff's severe and non-severe impairments in determining her RFC.

15

(Doc. 20-24) Accordingly, the undersigned finds that substantial evidence supports the ALJ's decision in this regard.

    4. *ALJ's Hypothetical Questions to the Vocational Expert.*

    Plaintiff's final assignment of error asserts that the ALJ's hypotheical question to the VE failed to include any limitations relating to his mental impairments. Plaintiff's assertion is unavailing.

    The Sixth Circuit has held that a hypothetical question must only include a claimant's credible impairments and limitations. *See Smith v. Halter*, 307 F.3d 377, 378 (6th Cir.2001) (emphasis added); *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir.1993) ("It is well established that an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact."). Here, for the reasons outlined above, the ALJ properly determined that his mental impairments did not result in functional limitations. Plaintiff has not shown that he had limitations greater than those reflected in the ALJ's hypothetical question and eventual RFC finding.

    Citing *Ealy v. Commissioner*, 594 F.3d 504 (6th Cir. 2009), Plaintiff asserts that the ALJ's hypothetical question failed to properly accommodate Plaintiff's moderate limitations due to his mental impairments. In *Ealy*, the Sixth Circuit found that where medical source opinions specifically limited Plaintiff's ability to sustain attention and imposed restrictions in pace, speed and concentration, the ALJ's "streamlined" hypothetical omitting those restrictions was insufficient. *Id.* Notably, however, several post-*Ealy* decisions declined to adopt a bright line rule that a limitation to "simple repetitive tasks" in an RFC and hypothetical to the VE is not adequate to address a claimant's moderate impairment as to

16

concentration, persistence, and pace. *See Steed v. Astrue*, No. 4:11CV204, 2012 WL 1097003, at *9 (N.D.Ohio Mar.30, 2012); *Jackson v. Comm'r of Soc. Sec.*, No. 1:10CV763, 2011 WL 4943966, at *4 (N.D.Ohio Oct.18, 2011).

Here, as explained above, the ALJ did not accept the state agency psychologist determination that Plaintiff's mental impairments resulted in moderate limitations. Moreover, no medical source imposed any restrictions relating to pace, speed and concentration, as is in *Ealy*, and Plaintiff offers no additional evidence or argument in support of this contention. Accordingly, Plaintiff's assertion should be overruled in this regard.

### III. Conclusion and Recommendation

For the reasons explained herein, **IT IS RECOMMENDED THAT** Defendant's decision be found to be **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and **AFFIRMED**, and that this case be **CLOSED.**

          *s/Stephanie K. Bowman*
          Stephanie K. Bowman
          United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GARY UNDERWOOD,                                          Case No. 1:12-cv-859

     Plaintiff,                                          Barrett, J.
                                                         Bowman, M.J.
     vs.


CAROLYN W. COLVIN, acting
COMMISSIONER OF SOCIAL SECURITY,

     Defendant.


**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

18